IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:12-974 |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN PINSON | ) | |
| ERIC ROBINSON | ) | |

**MOTION IN LIMINE TO ADMIT LINE SHEETS AS EVIDENCE OF TEXT MESSAGES**

# Contents

I. Background ........................................................................................................................ 2
II. Authority ........................................................................................................................... 2
   A. "Best Evidence Rule"-Fed. R. Evid., Rules 1002-1003. .................................................. 3
   B. Hearsay. ........................................................................................................................... 4
      1. Authority. ...................................................................................................................... 4
      2. Evidence. ...................................................................................................................... 5
III. Conclusion. ....................................................................................................................... 6

The Government respectfully files this motion in limine to alert the Court to an issue that is likely to be raised by the defense concerning the following Government's Exhibits:

| | |
|---|---|
| GX_003 | Session #00066 – Line Sheet -Text message exchange between Pinson and Robinson on 7/21/2011; |
| GX_008 | Session #00700 – Line Sheet -Text message exchange between Pinson and Robinson on 7/26/2011; |
| GX_010 | Session #00064 –Line Sheet - Text message exchange between Pinson and Robinson on 7/21/2011; |
| GX_110 | Session #00871 – Line Sheet -Text message exchange between Pinson and Demond Pearson on 7/27/2011; |
| GX_152 | Session #07479 – Line Sheet -Text message exchange between Pinson and Robinson on 9/16/2011. |

1

Based on communications with counsel, the Government expects that the defendants will raise "best evidence" and "hearsay" objections to these exhibits. For the following reasons, the Government submits that these objections would be without merit.

### I.  Background.

As the Court is well aware, the Government conducted a wiretap investigation of Jonathan Pinson's cellular telephone (864-304-4599) from July through November of 2014. Agents will testify that they intercepted thousands of audio phone calls over Pinson's cellular phone during that time, including many, many calls between Pinson and Robinson. Agents will testify that they are not aware of any calls intercepted over 864-304-4599 from July through November of 2011, where someone other than Pinson was using 864-304-4599. Agents will also testify that they are not aware of any instances during the wiretap when Pinson's phone (864-304-4599) was in contact with 864-304-4575 and someone other than Robinson was using that number (864-304-4575).

Also during that time, Agents intercepted the above referenced text messages, marked as Government's Exhibits 3, 8, 10, 110, and 152. These texts were all between Pinson's 864-304-4599 number and Robinson's 864-304-4575 number. Agents will testify that when these text messages were intercepted, they simply appeared on the equipment used to intercept and monitor the wiretap (computer screens) in real time. Agents will further testify that the "line sheets" are exact copies of what was seen on the screen at the time the text message was intercepted.

### II.  Authority.

As noted above, counsel for the defense has indicated that the "line sheets" would be inadmissible based on "the best evidence rule" and "hearsay." We address each in turn.

### A. "Best Evidence Rule"-Fed. R. Evid., Rules 1002-1003.

*Federal Rule of Evidence 1002* provides in pertinent part: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." As the Rule's language states, the Rule applies to the circumstance where the proponent seeks "to prove the content" of a document. *United States v. Smith*, 566 F. 3d 410 (4th Cir. 2009). The Rule exists to afford guarantees against inaccuracies and fraud by requiring that the original of the document be offered, subject to exceptions in *Rule 1003* (allowing the use of duplicates) and *Rule 1004* (providing exceptions to the requirement of an original). *See generally Fed.R.Evid. 1001* advisory committee's note. Thus it is more accurate to refer to Rule 1002 as the "original document rule," not the "best evidence rule." *See 2 Kenneth S. Broun, McCormick on Evidence* § 231 (6th ed.2006); see also *Seiler v. Lucasfilm*, Ltd., 808 F.2d 1316 (9th Cir.1986).

An example of when the original writing rule did apply to electronic evidence is *Laughner v. State*, 769 N.E.2d 1147 (Ind.Ct.App.2002), abrogated on other grounds by *Fajardo v. State*, 859 N.E.2d 1201 (Ind.2007). Laughner was charged with attempted child solicitation. To prove the crime, the state offered printouts of instant message chats between the defendant and an undercover police officer posing as a thirteen year old boy. The police officer "cut-and-pasted" the text of the text messages from the internet chat room into a word processing program, and the printouts that were introduced into evidence were prepared from that program. The defendant objected (citing the state version of the original writing rule, which was identical to the federal version), arguing that the printouts were not the "original" of the text of the chat room communications. The appellate court agreed that the state was proving the content of a writing, and that the original writing rule required an original, but found that the printout was an original, reasoning:

3

> "Evidence Rule 1002, the 'best evidence' rule, requires an 'original' in order to prove 'the content' of a writing or recording. However, Evidence Rule 1001(3) provides that when 'data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an 'original.' According to [the police officer] he saved the conversations with Laughner after they were concluded, and the printout document accurately reflected the content of those conversations. Therefore, the printouts could be found to be the 'best evidence' of the conversations [between the defendant and the officer]."

*Laughner*, 769 N.E.2d at 1159.

In the instant case, the Government expects that Agents will testify that when a text message is intercepted during a wiretap investigation, the "line sheet" is a "printout or other output readable by sight, shown to reflect the data accurately," and is therefore admissible under Fed. R. Evid. 1001(3). *See Lorraine v. Markel American Ins. Co.,* 241 F.R.D. 534 (D.Md., 2007).

### B. Hearsay.

Counsel has also indicated that they will object to the admissibility of the above referenced text messages based on "hearsay" grounds. As noted above, Agents will testify that they intercepted many calls before and after that prove that the texts were sent by phones used frequently by Robinson and Pinson.[1]

### 1. Authority.

Based on the below referenced wire calls being intercepted so closely in time to the text messages, it is clear that Pinson (and Robinson) are using the phones to text each other on the relevant Government's Exhibits. Pinson and Robinson are charged as coconspirators in Count 1 of the Superseding Indictment, as such the Government is offering these text message statements as coconspirator's statements under Fed. R. Evid. 801(d)(2)(E). *See United States v. Giles*, 518

---

[1] Defense counsel has not indicated they will raise objections to the text message line sheets based on failure to "authenticate." However, the Government submits that pursuant to Fed. R. Evid. 901, the Government will be able to "offer a satisfactory foundation from which the jury [can] reasonably find that the [wirecalls] are" what we purport them to be. *See United States v. Branch*, 970 F. 2d 1368 (4th Cir. 1992). *See also United States v. Vidacak*, 553 F. 3d 344 (4th Cir. 2009: "The burden to authenticate under Rule 901 is not high—only a *prima facie* showing is required.").

Fed. Appx. 181 (4th Cir. 2013).

They should also be admitted as non-hearsay, in that they are also statements by a party opponent as that term is defined in Fed. R. Evid. 801(d)(2)(A).

### 2. Evidence.

**Government's Exhibit 10** is one of the above referenced text messages between Pinson and Robinson that was intercepted on July 21, 2011 at 8:45 pm. **Government's Exhibit 3** is another text messages that occurred between Robinson and Pinson on July 21, 2011 at 8:47 pm. Government's Exhibit 1001 is an intercepted wire call between Pinson and Ricardo Harris which occurred on July 21, 2011 at approximately 9:05 pm, less than 30 minutes after the above referenced text message. Government's Exhibit 1002 is a wire call between Robinson and Pinson intercepted at 12:00 noon the following day, July 22, 2011. This is clear evidence that Pinson was using his phone on July 21, 2011 at 8:45 pm and 8:47 pm to text Robinson, and Pinson was also using his phone at 9:05 pm to talk to Harris. Thereafter Pinson was using his cell phone to call Robinson at 12:00 noon the following day.

Government's Exhibit 1008 is a wire call between Pinson and Demond Pearson, intercepted on July 26, 2011 at 9:22 am. **Government's Exhibit 8** is a text message between Pinson and Robinson that occurred on July 26, 2011 at 11:35 am. Government's Exhibit 1009 is a wire call between Pinson and Robinson that occurred on July 26, 2011 at 11:43 am, not ten minutes after **Government's Exhibit 8**. Again, clear evidence that Government's Exhibit 8 is a text between Pinson and Robinson.

Government's Exhibit 1011 is a wire call between Pinson and Robinson intercepted on July 27, 2011 at 9:18 am. Government's Exhibit 1012 is a wire call intercepted between Pinson and Ed Givens on July 27, 2011 at 10:22 am. **Government's Exhibit 110** is a text message

between Pinson and Robinson that was intercepted on July 27, 2011 at 11:25 am. Government's Exhibit 1013 is a wire call between Pinson and Robinson that occurred on July 27, 2011 at 12:28 pm. Again, the above call pattern shows clearly that Pinson and Robinson are using their phones to communicate via voice calls and text messages.

Finally, **Government's Exhibit 152** is a text message between Pinson and Robinson intercepted on September 27, 2011 at 11:34 am. On the same day, Pinson is intercepted at 5:26 pm talking to Ed Givens on a voice call listed as Government's Exhibit 1063. Pinson is also intercepted on September 28, 2011 at 9:28 am talking to Ed Givens in a call listed as Government's Exhibit 1064.[2] These calls also firmly establish, as do all of the Government's Exhibits which are voice calls, that Jonathan Pinson was using his cell phone to text with Robinson throughout the wire and on the dates referenced above.

### III.  Conclusion.

For the above stated reasons, the Government submits that any motions to exclude the above referenced text messages between Pinson and Robinson should be denied.

---

[2] Pinson was also intercepted on Call Session 8297, a call that occurred on September 27, 2011 at 11:43 am. He was then intercepted on Call Session 8321, a call that occurred on September 27, 2011 at 12:53 pm. He is called "Jonathan" and "J" in these calls respectively. Although the Government does not currently plan to play these calls in its case in chief, should the court require additional authentication with respect to the text messages, the Government will be able to authenticate these wire calls through SA Richard Gregory.

        Respectfully submitted,

        BETH C. DRAKE
        ACTING UNITED STATES ATTORNEY

        By: s/ J.D. Rowell
        J.D. Rowell (#9802)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        803-929-3030
        jd.rowell@usdoj.gov

June 14, 2014